## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 04-20111-01-KHV |
| ADRIAN SILVA-SAENZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

On August 19, 2004, a grand jury returned a three-count indictment which charged Manuel Segura-Ramirez and Adrian Silva-Saenz with conspiracy to possess more than five kilograms of cocaine with intent to distribute and knowingly possessing more than five kilograms of cocaine with intent to distribute. After the Court sustained the motion to suppress filed by Segura-Ramirez, the government dismissed that defendant. This matter is before the Court on Defendant [Adrian Silva-Saenz]'s Motion to Dismiss Indictment For Violation Of Speedy Trial Rights (Doc. #76) filed April 26, 2005. For reasons stated below, defendant's motion is overruled.

### Factual Background

On November 1, 2004, Manuel Segura-Ramirez filed a motion to suppress. On November 6, 2004, the government filed a motion for extension of time to respond to the motion. Neither defendant opposed the government's motion and on November 9, 2004, the Court sustained the government's motion. See Motion For Extension Of Time (Doc. #35) at 2. The Court ordered the government to respond by November 22, 2004 and scheduled a hearing for November 29, 2004. On November 23, 2004, the government filed a motion to continue the hearing on the motion to suppress until December 20,

2004. Neither defendant opposed the continuance. See Motion To Continue Hearing (Doc. #41) at 2. On November 24, 2004, the Court sustained the government's motion for a continuance. On December 20, 2004, the Court held an evidentiary hearing on the motion to suppress and on January 14, 2005, the Court sustained the motion to suppress. On February 24, 2005, on the government's motion, the Court dismissed Segura-Ramirez as a defendant.

On February 15, 2005, the government sought a material witness warrant for Segura-Ramirez because he otherwise would have been deported. That same day, the Court sustained the government's request under 18 U.S.C. § 3144. On March 14, 2005, on the government's motion and pursuant to 18 U.S.C. §§ 6002 and 6003, the Court compelled the testimony of Segura-Ramirez under a grant of immunity. To date, Segura-Ramirez has refused to testify. On March 30, 2005, pursuant to 28 U.S.C. § 1826, the Court ordered that Segura-Ramirez be confined in the custody of the United States Marshal until he testifies either by deposition or at trial, or until the above-captioned case concludes or for 18 months, whichever is shorter. See Order (Doc. #73). Trial is currently scheduled for July 5, 2005.

## Analysis

Defendant argues that (1) the delay of trial because of the unavailability of Segura-Ramirez based on his refusal to testify is not excludable time because he is not an "essential" witness under 18 U.S.C. § 3161(h)(3); and (2) the period of delay in hearing the motion to suppress filed by Segura-Ramirez is not excludable time because in its orders of continuance, the Court did not reference the "ends of justice" language in 18 U.S.C. § 3161(h)(8)(A). The Court previously rejected defendant's first argument, and he raises it again only to preserve his objection for appeal. See Defendant's Motion To Dismiss Indictment For Violation Of Speedy Trial Rights (Doc. #76) at 3. The Court incorporates its order which granted the

government's motion to continue and found that the delay of trial is excludable time under 18 U.S.C. § 3161(h)(3)(A) because Segura-Ramirez is an unavailable and essential witness. See Order (Doc. #75).

Defendant's second objection, based on the Court's failure to reference the "ends of justice" language in its orders of continuance on the motion to suppress, is without merit. No "ends of justice" finding was required because the extension of the government's response deadline and the continuance of the hearing on the motion to suppress were excludable under Sections 3161(h)(1)(F) and 3161(h)(7). Section 3161(h)(1)(F) allows exclusion of "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is reasonably necessary." Henderson v. United States, 476 U.S. 321, 330 (1986) (excluding delays of more than two months when district court rescheduled hearing on its own motions). Section 3161(h)(7) allows for exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). The Court finds that the 50-day delay in hearing the motion to suppress filed by Segura-Ramirez was reasonable. See United States v. Young, 45 F.3d 1405, 1409-12 (10th Cir.) (no "ends of justice" finding required where district court granted several continuances of codefendant's motion because delay was "reasonable" under Section 3161(h)(7)), cert. denied, 515 U.S. 1169 (1995). The Court therefore overrules defendant's second objection.[1]

---

[1] Defendant apparently concedes that Henderson precludes his objection. See Defendant's Supplemental Brief (Doc. #83) filed May 31, 2005 at 1. The Court also notes that counsel for neither defendant objected to the government's request for additional time to file a response to the motion to suppress and the government's request to continue the hearing on that motion. See Motion To Continue Hearing (Doc. #41).

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion to Dismiss Indictment For Violation Of Speedy Trial Rights</u> (Doc. #76) filed April 26, 2005 be and hereby is **OVERRULED**.

Dated this 13th day of June, 2005, at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge