## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 04-20111-01-KHV** |
| ADRIAN SILVA-SAENZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OPINION

On August 19, 2004, a grand jury returned a three-count indictment which charged Manuel Segura-Ramirez and Adrian Silva-Saenz with conspiracy to possess more than five kilograms of cocaine with intent to distribute and knowingly possessing more than five kilograms of cocaine with intent to distribute. After the Court sustained the motion to suppress filed by Segura-Ramirez, the government dismissed that defendant. Despite a grant of immunity, Segura-Ramirez refuses to testify in the case against Silva-Saenz. This opinion addresses whether a further continuance of trial, based on his refusal to testify, violates Silva-Saenz's Sixth Amendment right to a speedy trial.

### Factual Background

On November 1, 2004, Segura-Ramirez filed a motion to suppress. On November 6, 2004, the government filed a motion for extension of time to respond to the motion. Neither defendant opposed the government's motion and on November 9, 2004, the Court sustained the government's motion. See Motion For Extension Of Time (Doc. #35) at 2. The Court ordered the government to respond by November 22, 2004 and scheduled a hearing for November 29, 2004. On November 23, 2004, the government filed a motion to continue the hearing on the motion to suppress until December 20, 2004.

Neither defendant opposed the continuance.  See Motion To Continue Hearing (Doc. #41) at 2.  On November 24, 2004, the Court sustained the government's motion for a continuance.  On December 20, 2004, the Court held an evidentiary hearing on the motion to suppress and on January 14, 2005, it sustained the motion to suppress.  On February 24, 2005, on the government's motion, the Court dismissed Segura-Ramirez as a defendant.

On February 15, 2005, the government sought a material witness warrant for Segura-Ramirez because he otherwise would have been deported.  That same day, the Court sustained the government's request under 18 U.S.C. § 3144.  On March 14, 2005, on the government's motion and pursuant to 18 U.S.C. §§ 6002 and 6003, the Court compelled the testimony of Segura-Ramirez under a grant of immunity.  To date, Segura-Ramirez has refused to testify.  On March 30, 2005, pursuant to 28 U.S.C. § 1826, the Court ordered that Segura-Ramirez be confined in the custody of the United States Marshal until he testifies either by deposition or at trial, or until the above-captioned case concludes or for 18 months, whichever is shorter.  See Order (Doc. #73).

On April 1 and June 21, 2005, the Court sustained the government's motions to continue trial and set trial for October 4, 2005.  See Order (Doc. #75); Order (Doc. #92).  On September 26, 2005, the Court held a hearing on the government's motion to continue trial.  The Court granted the government's request and continued trial until December 13, 2005.  At the hearing on the government's motion, however, the Court raised the issue whether the delay in this case violated defendant's Sixth Amendment rights and asked the parties to brief the issue.  On October 31, 2005, the Court heard oral argument on the issue.

## Analysis

Defendant previously argued that the delay of trial because of the unavailability of Segura-Ramirez, based on his refusal to testify, is not excludable time under the Speedy Trial Act because he is not an "essential" witness under 18 U.S.C. § 3161(h)(3). The Court rejected defendant's argument under the Speedy Trial Act, but it now addresses whether the delay of trial violates defendant's Sixth Amendment right to a speedy trial.[1] See Order (Doc. #75) (delay excludable under 18 U.S.C. § 3161(h)(3)(A) because Segura-Ramirez is unavailable and essential witness).

In determining whether a particular defendant has been deprived of his constitutional right to a speedy trial, the Court examines the following four factors: the length of delay, the reason for delay, whether and how defendant asserted his right and prejudice to defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972). None of the four factors is either a necessary or sufficient condition to finding that a defendant has been deprived of his constitutional right to a speedy trial. Id. at 533. Rather, the factors are related and must be considered together with such other circumstances as may be relevant in the balancing process. Id.

1. Length Of The Delay

The length of delay is a triggering mechanism. Absent delay which is presumptively prejudicial, the Court need not examine the remaining three factors. See id. at 530. The length of delay which qualifies

---

[1] Because the Speedy Trial Act was designed to set specific deadlines as to a criminal defendant's rights under the Sixth Amendment, the two inquiries involve substantial overlap. See United States v. Vogl, 374 F.3d 976, 982 (10th Cir. 2004) (purpose of Speedy Trial Act to protect defendant's constitutional right to speedy indictment and trial and serve public interest in bringing prompt criminal proceedings).

as "presumptively prejudicial" necessarily depends upon the peculiar circumstances of each case.  See id. at 530-31.  The Supreme Court has noted that "[d]epending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." Doggett v. United States, 505 U.S. 647, 652 n.1 (1992).  The general rule is that the speedy trial right attaches when the defendant is arrested or indicted, whichever comes first.  Jackson v. Ray, 390 F.3d 1254, 1261 (10th Cir. 2004) (citing United States v. Marion, 404 U.S. 307, 320-21 (1971)), cert. denied, 126 S. Ct. 61 (2005).  Here, defendant was indicted on August 19, 2004, more than 14 months ago.  Trial is scheduled for December 13, 2005, some 16 months after indictment.  The Court therefore finds that the length of delay is presumptively prejudicial so as to trigger analysis of the remaining three factors.

2.      Reason For The Delay

In Barker, the Supreme Court noted that courts should assign different weights to this factor based on the nature of the reasons offered by the government.  Barker, 407 U.S. at 531.  A deliberate attempt to delay trial in order to hamper the defense should be weighed heavily against the government.  Id.  A more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered because the ultimate responsibility for such circumstances must rest with the government rather than with defendant.  Id.  The Supreme Court has noted, however, that a missing witness constitutes a valid reason for delay and should serve to justify an "appropriate" delay.  Id.

Defendant argues that further delay based on the unavailability of Segura-Ramirez is not "appropriate" under Barker.  The Court disagrees.  The only example of a legitimate reason cited by Barker for delay of trial was a missing witness – a situation analogous to that of a witness who refuses to testify after a grant of immunity.  See United States v. Tedesco, 726 F.2d 1216, 1222 (7th Cir. 1984)

- 4 -

(recalcitrant accomplice properly considered "unavailable" and "essential" even when government could convict without his testimony); United States v. Marrero, 705 F.2d 652, 654, 657-58 (2d Cir. 1983) (essential witnesses deemed "unavailable" where they refused to testify after receiving grants of immunity). Cf. United States v. Hamilton, 46 F.3d 271, 278 (3d Cir. 1995) (witness not "unavailable" because government refused to grant him use immunity); United States v. Eagle Hawk, 815 F.2d 1213 (8th Cir. 1987) (witness under indictment for same offense as that to which he is requested to testify is unavailable because of Fifth Amendment safeguards), cert. denied, 484 U.S. 1012 (1988).  Segura-Ramirez is being detained under 28 U.S.C. § 1826, which allows the Court to detain a recalcitrant witness who refuses to testify.  The statute permits the Court to detain Segura-Ramirez for a period up to 18 months in an attempt to convince him to testify.  The Court recognizes that defendant's constitutional right to a speedy trial is distinct from the Court's authority to attempt to compel the testimony of a witness.  Nevertheless, to find that a delay of trial for 18 months is not appropriate because an accomplice in a criminal case refuses to testify would largely eviscerate the coercive power of the contempt statute.[2]

Defendant argues that the government is responsible for the delay because it did not seek a plea agreement with Segura-Ramirez before the Court ruled on his motion to suppress.  Segura-Ramirez cooperated with the government immediately upon arrest and participated in a controlled delivery to defendant.  The government reasonably expected that if the Court overruled his motion to suppress, Segura-Ramirez would enter a plea agreement and testify against defendant.  The government certainly could not predict that after the Court sustained the motion to suppress, Segura-Ramirez would refuse to

---

[2]     The Court is not convinced that the statute will be effective in this case, but the statute is based on the legislative judgment that within 18 months, a witness in custody often changes his mind.

- 5 -

testify despite a grant of immunity. Moreover, defendant is not responsible for the delay. Nevertheless, a recalcitrant witness who refuses to testify despite a grant of immunity is a valid reason for a delay in trial.

### 3.   Defendant's Assertion Of His Right To A Speedy Trial

Defendant asserted his right to a speedy trial on March 30, 2005, some seven and one half months after the indictment. Defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether defendant is being deprived of the right. Barker, 407 U.S. at 531-32. Because of the delay in asserting his right, however, this factor only slightly weighs in favor of defendant. See United States v. Hunter, 9 Fed. Appx. 857, 861 (10th Cir. 2001) (even though defendant had asserted his right, his behavior did not reflect earnest desire to proceed promptly to trial).

### 4.   Prejudice To Defendant

Prejudice to defendant is one of the most critical factors. Prejudice should be assessed in the light of the interests of defendant which the speedy trial right was designed to protect. Barker, 407 U.S. at 532. The Supreme Court has identified three such interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Id. (citations omitted). Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. Id.

Defendant suffers some prejudice because he is incarcerated. Defendant has not suggested, however, that the delay has impaired his ability to prepare an adequate defense. Accordingly, this factor only slightly weighs in defendant's favor. See Hunter, 9 Fed. Appx. at 861 (prejudice factor cuts slightly in favor of defendant where he is incarcerated but does not specifically allege how delay has prejudiced his defense).

- 6 -

5.     Totality Of Circumstances

In sum, the Court finds that delay of trial until December 13, 2005 does not violate defendant's

constitutional right to a speedy trial.  Neither the government nor defendant is responsible for the delay.

The government has exercised reasonable efforts to secure the testimony of Segura-Ramirez.  It obtained

a material witness warrant for him, granted him immunity for his testimony and diligently pursued his

contempt.  The length of delay is significant and defendant remains incarcerated, but the delay in trial has

not impaired his ability to prepare an adequate defense.  The Court notes that Segura-Ramirez has not

recanted his version of events, which implicates defendant, but he refuses to testify under oath.  In these

circumstances, a delay of trial is appropriate until Segura-Ramirez agrees to testify.  See Marrero, 705 F.2d

at 657 (acquittal of defendant would be miscarriage of justice where accomplices had not recanted their

accusations but simply refused to repeat them under oath).

Dated this 8th day of November, 2005, at Kansas City, Kansas.


s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

- 7 -